## PETITION OF BUTTS

No. 9434

Submitted May 28, 1954. Decided May 29, 1954.

271 Pac. (2d) 424.

Messrs. Shallenberger and Paddock, Mr. William F. Shallenberger, Missoula, appeared for petitioner.

MR. CHIEF JUSTICE ADAIR:

By petition filed May 28, 1954, in the office of the clerk of this court, the petitioner Juanita Collins Butts shows:

That in Cause No. 3217 in the district court of Sanders County, Montana, the Honorable C. E. Comer, a district judge presiding in such court and cause, on May 14, 1954, rendered and caused to be entered a decree against the petitioner Juanita Collins Butts by which she claims to be aggrieved; that notice of the entry of the decree was given to petitioner on May 15, 1954; that the cause was tried before said judge without a jury; that as a step in taking an appeal to this court from such decree this petitioner requires a bill of exceptions setting forth the evidence introduced and the proceedings had and done before the district judge; that petitioner has requested the official court stenographer of such court to prepare a transcript setting forth such evidence and proceedings;

That on May 21, 1954, Edward M. Wontor, official court stenographer aforesaid, made, subscribed and swore to an affidavit which *inter alia* recites:

"Comes Edward M. Wontor, and being first duly sworn, deposes and says:

"That he is the Court Reporter who took the shorthand notes in the trial and hearing in the above entitled matter, in the District Court of the Fourth Judicial District of the State of Montana, in and for the County of Sanders. That owing to the pressure of his business he cannot complete a transcript of the said evidence adduced at the aforesaid trial and a transcript thereof for the purpose of making a bill of exceptions in the above entitled matter in less than sixty days in addition to the fifteen days allowed by law after the making of the judgment herein, and that such sixty additional days is necessary for him to prepare the said transcript; that the said transcript has been ordered of him by William F. Shallenberger, attorney for the appellant; that the reason that he cannot prepare the transcript within the time allowed by law, unless the same be extended the

additional sixty days, is because he is engaged in the preparation of other transcripts and bills of exceptions for other parties and in connection with other appeals, and that in particular he is pressed for time in connection with the preparation of the transcript for the bill of exceptions in the case of McDonald against Sanders County officials; that he is also engaged in and busy with and occupied with the taking of evidence of trials and hearings before the above entitled court which prevent his making the transcript of the evidence for the bill of exceptions in the above entitled cause at this time within the time allowed by law.

"Edward M. Wontor"

That also on May 21, 1954, and after ordering such transcript from said Edward M. Wontor, counsel for petitioner applied to the said district judge for an order granting her 60 days in addition to the 15 days allowed by statute (R. C. M. 1947, sec. 93-5505) in which to prepare, serve and file petitioner's proposed bill of exceptions in said cause at which time petitioner's counsel informed said district judge that the court reporter was and is unable to transcribe the evidence and proceedings within 15 days after May 15, 1954, the date whereon petitioner was given notice of the entry of the decree but that notwithstanding said district judge denied petitioner's application and refused and refuses to grant any extension of time for the preparation of such transcript.

The petition in this court further shows: That on May 26, 1954, the petitioner duly served her notice of appeal upon A. S. Ainsworth, Esq., of counsel for the adverse party or parties in the district court opposing petitioner's application for relief; that on the same date petitioner filed in the office of the clerk of the district court of Sanders County such notice of appeal together with a good and sufficient undertaking and bond on appeal;

That the notice of appeal so served and filed in said district court Cause No. 3217, omitting the formal parts, recites:

"To Merle L. Collins, defendant, and A. S. Ainsworth, Esq., his attorney:

"You will please take notice that the plaintiff in the above entitled action hereby appeals to the Supreme Court of the State of Montana from the decree made on the 13th day of May, 1954, and entered in the above entitled District Court on the 15th day of May, 1954, in favor of the defendant and against the plaintiff in said action, and from the whole thereof.

"Dated this 26th day of May, 1954.

Now therefore it appearing that under the facts and circumstances shown to this court that petitioner requires and that she should have been granted the necessary time to enable the court stenographer to prepare the transcription so ordered and essential to present the evidence and proceedings to this court on petitioner's appeal,

It is ordered that the petitioner, Juanita Collins Butts, be and she is allowed 60 days from and after May 30, 1954, within which to prepare, serve and file her proposed bill of exceptions herein and that petitioner be and she is allowed a further extension of 60 days from and after receiving notice of the signing, allowance and settlement by the court or judge of the final bill of exceptions herein within which to file in this court petitioner's transcript on appeal.

MR. JUSTICES BOTTOMLY, FREEBOURN, ANDERSON and ANGSTMAN, concur.